IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PENDLETON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 2:17-cv-00426-SU |
| Plaintiff, | **FINDINGS AND RECOMMENDATION** |
| v. | |
| MICHAEL WILEY, dba HOWELL'S CAFÉ AND STREAMLINER LOUNGE, | |
| Defendant. | |

SULLIVAN, United States Magistrate Judge:

Plaintiff the United States brings this action against defendant Michael Wiley, dba Howell's Café and Streamliner Lounger, to ensure compliance with federal employment tax laws. Defendant has not appeared or otherwise taken any action in this matter. Following

defendant's failure to respond to its Order to Show Cause, the Court granted plaintiff's Motion for Entry of Default. (Docket Nos. 5, 6, 11, 12). Plaintiff now moves for default judgment. (Docket No. 13). For the following reasons, the Court should GRANT the United States' Motion for Default Judgment and enter a permanent injunction requiring defendant to comply with federal employment tax laws.

## FACTUAL BACKGROUND

Defendant Wiley is the sole proprietor of Howell's Café and Streamline Lounge, a restaurant and bar in Huntington, Oregon. Compl. ¶ 5; Brown Decl. ¶ 4 (Docket No. 14). Defendant is an employer, as Howell's has had employees since 2002. Compl. ¶ 7; Brown Decl. ¶ 6. Defendant has repeatedly failed to comply with his employment tax obligations. Compl. ¶ 18. Since 2006, he has routinely failed to timely file Forms 940 and 941. Compl. ¶ 19; Brown Decl. ¶ 7. Also since 2006, he has repeatedly failed to make the required deposits and payments of federal employment taxes. Compl. ¶ 20; Brown Decl. ¶ 7; *see also* Compl. ¶ 21 & Brown Decl. ¶ 8 (table showing assessed balances for tax periods since 2006 that defendant has not paid in full). The total owed on defendant's tax liabilities (including accrued interest and penalties) as of March 13, 2017, is $272,267.25, plus interest and other statutory additions accrued thereafter.[1] Compl. ¶ 22; Brown Decl. ¶ 14.

The Internal Revenue Service ("IRS") has repeatedly attempted, unsuccessfully, to bring defendant into compliance with federal tax laws through administrative action. Compl. ¶ 23; Brown Decl. ¶ 15. The IRS has had numerous communications with defendant, including speaking with him and his representative; has served notices of intent to levy; has recorded Notices of Federal Tax Liens ("NFTLs"); has warned of potential consequences and of further

---

[1] And excluding any tax liabilities for the second quarter 2015 or taxable year 2016, for which defendant has not filed a return or made any deposits or payments.

action if defendant continued his noncompliance; has explained the necessity of filing on time, staying current on payments, and making required deposits; and has sent a Letter 903 and Notice 931 informing defendant that he was not making required federal tax deposits and warning of stricter civil or criminal enforcement procedures. Compl. ¶¶ 25-28, 31; Brown Decl. ¶¶ 15-19, 22. Except for a period in late 2011, the IRS has not been able to bring defendant permanently into compliance with federal tax laws through administrative action, and defendant continues to accrue federal employment tax liabilities. Compl. ¶¶ 29-30, 32-33; Brown Decl. ¶¶ 20-21, 23.

## LEGAL STANDARD

After an entry of default against an unresponsive defendant, a court may grant default judgment in plaintiff's favor and award damages. Fed. R. Civ. P. 55(b)(2). "The district court's decision whether to enter a default judgment is a discretionary one." *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). In exercising its discretion, the court considers the following factors, as articulated in *Eitel v. McCool*:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

782 F.2d 1470, 1471-72 (9th Cir. 1986). Upon entry of default, the non-responding party is deemed to have admitted the factual allegations against him, except allegations of damages. Fed. R. Civ. P. 8(b)(6); *Geddes v. United Fin. Group*, 559 F.2d 557, 560 (9th Cir. 1977). Thus, the court accepts plaintiff's pleaded facts as true, but plaintiff must prove damages. *TeleVideo Systems, Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987).

The district court may issue injunctive relief upon granting default judgment. *See, e.g.*, *Stone City Music v. Santillanes*, 702 F. Supp. 249, 251 (D. Or. 1988); *Automata Prods., Inc. v.*

*Spicher*, No. 3:16-0797-AC, 2016 WL 4621198, at *3 (D. Or. Sept. 6, 2016). 26 U.S.C. § 7402 authorizes a district court to issue injunctions as necessary to ensure enforcement of internal revenue laws. 26 U.S.C. § 7402(a); *Ryan v. Bilby*, 764 F.2d 1325, 1327 (9th Cir. 1985). Because § 7402 grants the court power to enter injunctive relief, the government need only show that an injunction is appropriate to enforce the internal revenue laws; the government need not make the showing required by the traditional equitable factors. *See United States v. Estate Preservation Serv.*, 202 F.3d 1093, 1098 (9th Cir. 2000); *United States v. Thompson*, 395 F. Supp. 2d 941, 945 (E.D. Cal. 2005); *United States v. Stoll*, No. Civ. C 05-0262RSM, 2005 WL 1763617, *8 (W.D. Wash. June 27, 2005). Nonetheless, the traditional equitable factors require a plaintiff seeking injunctive relief to establish "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).

## DISCUSSION

### I. Whether to Grant Default Judgment

The Court entered default against defendant on June 22, 2017. (Docket Nos. 11, 12). The Court now analyzes the *Eitel* factors to determine whether to enter default judgment.

#### A. Factor One: Possibility of Prejudice to Plaintiff

The first *Eitel* factor considers whether plaintiff will suffer prejudice if the court denies default judgment. Courts have found that this factor favors default judgment where plaintiff's only available legal remedy is default judgment, and where, without such judgment, plaintiff would be left without any recourse for recovery. *See, e.g.*, *Garcia v. Pacwest Contracting LLC*,

No. 3:12-cv-01930-SI, 2016 WL 526236, at *3 (D. Or. Feb. 9, 2016); *Joe Hand Prods. v. Holmes*, No. 2:12-cv-00535-SU, 2015 WL 5144297, at *3 (D. Or. Aug. 31, 2015).

Defendant has not responded to plaintiff's filings or the Court's orders. If the Court were to deny plaintiff's Motion, plaintiff would be left without remedy or recourse for recovery. Accordingly, the first *Eitel* factor supports entry of default judgment.

B.  **Factors Two and Three: Merits and Sufficiency of the Complaint**

Factors two and three, the merits of plaintiff's substantive claims and the sufficiency of the complaint, "are closely related. Both factors require that a plaintiff's allegations state a claim on which the plaintiff may recover." *Joe Hand*, 2015 WL 5144297, at *3 (quotation omitted); *Garcia,* 2016 WL 526236, at *3.

26 U.S.C. §§ 3102 and 3402 require defendant, as an employer, to withhold federal income taxes and Federal Insurance Contributions Act ("FICA") taxes from his employees' wages, and 26 U.S.C. § 7501 requires defendant to hold these withholdings in trust for the United States. *Begier v. IRS*, 496 U.S. 53, 55 (1990); *Purcell v. United States*, 1 F.3d 932, 936 (9th Cir. 1993). 26 U.S.C. §§ 3111 and 3301 require defendant, as an employer, to pay FICA excise taxes and Federal Unemployment Tax Act ("FUTA") taxes on his employees' wages. *United States v. Fior D'Italia, Inc.*, 536 U.S. 238, 240-41 (2002); *United States v. Cleveland Indians Baseball Co.*, 532 U.S. 200, 205-06 (2001). Under 26 U.S.C. § 6302 and 26 C.F.R. § 31.6302-1[2], defendant, as an employer, must make semi-weekly deposits of the income and FICA taxes with an authorized government depository. *Hansen v. United States*, 995 F.2d 231

---

[2] The United States, in its Complaint, incorrectly cites 26 C.F.R. § 31.630*1*-1. Compl. ¶ 12. The Court assumes that the United States means 26 C.F.R. § 31.630*2*-1, "Deposit rules for taxes under the Federal Insurance Contributions Act (FICA) and withheld income taxes."

(9th Cir. 1993) (memorandum table decision). Plaintiff pleads that defendant has not complied with these obligations. Compl. ¶¶ 18, 20, 30; Brown Decl. ¶¶ 7, 21.

Under 26 U.S.C. §§ 6011 and 6071, and 26 C.F.R. §§ 31.6011(a)-1, (a)-3, and (a)-4, and 31.6071(a)-1, defendant, as an employer, must file Forms 940 and 941 to report income, FICA, and FUTA taxes. *Conklin Bros. of Santa Rosa v. United States*, 986 F.2d 315, 316 n.2 (9th Cir. 1993); *Springfield v. United States*, 88 F.3d 750, 751 n.1 (9th Cir. 1996). Plaintiff pleads that defendant has not filed these Forms. Compl. ¶ 19; Brown Decl. ¶ 7.

26 U.S.C. § 6151 and 26 C.F.R. § 55.6151-1 require defendant to timely pay all tax liabilities due on each return. *Pan Am. Van Lines v. United States*, 607 F.2d 1299, 1301 (9th Cir. 1979); *United States v. Nw. Mut. Ins. Co.*, 315 F.2d 723, 725 (9th Cir. 1963). Plaintiff pleads that defendant has not paid his tax liabilities. Compl. ¶¶ 20, 22, 30, 33; Brown Decl. ¶¶ 7, 8, 14.

Thus, the United States has identified which statutes and regulations defendant has violated, and has adequately alleged such violations. It has established the merits of its claims and the sufficiency of its pleadings. Thus, these two factors favor entry of default judgment.

### C. Factor Four: Money at Stake

"The fourth *Eitel* factor is the sum of money at stake in the action. Under this factor, a court considers the sum of money in relation to the seriousness of the defendant's conduct." *Garcia,* 2016 WL 526236, at *3 (alteration and quotation omitted); *Joe Hand*, 2015 WL 5144297, at *7.

Here, no money is at stake, as plaintiff seeks only injunctive relief. This factor favors entry of default judgment.

### D. Factor Five: Possibility of Dispute Concerning Material Facts

"The fifth *Eitel* factor is the possibility of a dispute concerning material facts. Upon entry of default, the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *Garcia,* 2016 WL 526236, at *4 (quotation and citation omitted); *Joe Hand*, 2015 WL 5144297, at *7.

There is no dispute concerning material facts. The Court takes all plaintiff's allegations as true upon entry of default. Defendant has taken no action to put any facts into dispute. Thus, this factor favors entry of default judgment.

### E. Factor Six: Whether Default Is Due to Excusable Neglect

"The sixth *Eitel* factor inquires whether defendant's default might have resulted from excusable neglect." *Joe Hand*, 2015 WL 5144297, at *8; *Garcia,* 2016 WL 526236, at *4.

The possibility of excusable neglect here is minimal. The United States has communicated on numerous occasions with defendant to inform him of his tax requirements, has issued multiple administrative levies, has recorded NFTLs, and has served defendant with a copy of the Court's Order to Show Cause. Pl. Mot. Default J., at 3, 6 (Docket No. 13); Brown Decl. ¶¶ 15-22. These repeated provisions of notice negate any possibility of excusable neglect. This factor favors entry of default judgment.

### F. Factor Seven: Decision on the Merits

The seventh *Eitel* factor is the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. *Eitel*, 782 F.2d at 1472. Although "cases should be decided upon their merits whenever reasonably possible," *id.*, "the mere existence of Fed. R. Civ. P. 55(b) indicates that this preference, standing alone, is not dispositive." *Garcia,* 2016 WL 526236, at *4 (quotation omitted). "[C]ourts have consistently concluded that this policy,

standing alone, is not dispositive, especially where a defendant fails to appear or defend itself in an action. Where defendants have failed to appear or respond in a given matter, a decision on the merits is impossible." *Joe Hand*, 2015 WL 5144297, at *8 (quotation and citations omitted). "Thus, the preference to decide cases on the merits does not preclude a court from granting default judgment." *Garcia,* 2016 WL 526236, at *4.

Given defendant's repeated failure to communicate with the United States, and his failure to respond to the Court's order, a decision on the merits is impossible. This factor does not preclude entry of default judgment.

\*   \*   \*

Six of the *Eitel* factors favor entry of default judgment. This analysis strongly supports entry of default judgment.

## II. Relief

### A. The United States' Requested Relief

The United States does not seek monetary damages. Instead, it seeks a permanent injunction requiring defendant to:

1. Timely make federal tax deposits, according to federal deposit regulations, of FUTA, FICA, and withholding tax liabilities;

2. Timely file all federal employment and unemployment tax returns (Forms 940 and 941);

3. Timely pay all tax liabilities due on each return;

4. Be prohibited from paying other creditors or transferring funds to defendant directly or to any third party at his request before paying federal employment tax liabilities;

<u>5.</u>    Be prohibited from transferring any money or property to any entity or person for the purpose of having that entity or person pay the salaries or wages of defendant's employees; and

<u>6.</u>    Be required to file monthly reports with the IRS attesting that all tax deposits have been made.

Pl. Mot. Default J., at 2-3 (Docket No. 13); Compl., at 2, 11.

**B.    Application**

The United States has met the criteria for injunctive relief under 26 U.S.C. § 7402. Defendant has repeatedly violated multiple provisions of the internal review laws, and is likely to continue doing so. Compl. ¶¶ 44-45. An injunction against additional violations is appropriate. Further, an injunction barring transfers of money designed to evade these laws, and requiring defendant to file monthly reports with the IRS attesting that all tax deposits have been made, is reasonable and appropriate to ensure compliance with the internal revenue laws.

Further, even under the traditional equitable factors for injunctive relief, *see Winter*, 555 U.S. at 20, the United States has met its burden: the United States is likely to succeed on the merits, as the Complaint's allegations, taken as true for purposes of default, and the Brown Declaration, establish defendant's repeated and numerous violations of federal employment tax laws, Compl. ¶¶ 18-34; Brown Decl. ¶¶ 7-22; the United States is likely to suffer irreparable harm absent injunctive relief because it would be unable to ensure defendant's compliance with his tax obligations; the balance of the equities is in the United States' favor, given its repeated attempts to communicate with defendant and resolve the situation without court action, given its proof of defendant's noncompliance, and given defendant's failure to appear or to respond to the Court's Order; and an injunction is in the public interest, as defendant's failure to meet his tax

obligations amounts to an involuntary public taxpayer subsidy of defendant's business and also disadvantages defendant's law-abiding competitors.

Accordingly, the Court should enter a permanent injunction requiring defendant to:

<u>1.</u>     Timely make federal tax deposits, according to federal deposit regulations, of FUTA, FICA, and withholding tax liabilities;

<u>2.</u>     Timely file all federal employment and unemployment tax returns (Forms 940 and 941);

<u>3.</u>     Timely pay all tax liabilities due on each return;

<u>4.</u>     Be prohibited from paying other creditors or transferring funds to defendant directly or to any third party at his request before paying federal employment tax liabilities;

<u>5.</u>     Be prohibited from transferring any money or property to any entity or person for the purpose of having that entity or person pay the salaries or wages of defendant's employees; and

<u>6.</u>     Be required to file monthly reports with the IRS attesting that all tax deposits have been made.

## RECOMMENDATION

For the foregoing reasons, the Court should GRANT the United States' Motion for Default Judgment (Docket No. 13) and enter the requested injunctive relief.

## SCHEDULING ORDER

The above Findings and Recommendation will be referred to a United States District Judge for review. Objections, if any, are due September 21, 2017. If objections are filed, a response to the objections is due fourteen days after the date the objections are filed and the review of the Findings and Recommendation will go under advisement on that date.

IT IS SO ORDERED.

DATED this 7th day of September, 2017.

/s/ Patricia Sullivan
PATRICIA SULLIVAN
United States Magistrate Judge